[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on defendants' motion for summary judgment alleging that the third count of plaintiff's complaint is time barred under Connecticut General Statutes, Sec.52-584.
The complaint alleges that on March 10, 1989, plaintiff suffered injuries when her car slid on an ice covered road. The complaint was filed on August 27, 1990 against the City of New London. On June 24, 1991, the court permitted an amended complaint to be filed to add an additional defendant. The amended complaint alleges in the third count that the defendant, John O'Donnell, created a nuisance by damaging a storm pipe on his property which in turn caused water to flow onto the street, became frozen and caused the injuries. The City is not involved in the motion before this court.
O'Donnell claims that the third count against him is time barred. Plaintiff claims that the third count does not sound in negligent nuisance, but rather is a claim for absolute nuisance and is therefore governed by a three year statute of limitations, i.e., Connecticut General Statutes, Sec. 52-577.
"A nuisance, whether public or private, describes an inherently dangerous condition that has a natural tendency to inflict injury upon persons or property." Quinnett v. Newman,213 Conn. 343, 348 (1990). If the condition arises out of an act through which the actor fails to exercise due care, then it is negligent nuisance. Quinnett v. Newman, supra, 349. On the other hand, absolute nuisance is one in which the creator of a condition intends the act that brings about the condition. See Quinnett v. Newman, supra, 348; DeLahunta v. Waterbury, 134 Conn. 630, CT Page 1132 633-634 (1948).
Causes of negligence are ordinarily not susceptible of summary adjudication. Since the issues raised by the motion concern negligence and absolute nuisance which require the court to determine motive and intent, the motion must fail.
Motion is denied.
MIHALAKOS, J.